E-FILED
Friday, 20 October, 2006  09:52:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DANIEL LAVEAU,
    Plaintiff,

    vs.        No.  04-1356

ROGER WALKER, et al.
    Defendants.

## ORDER OF DISMISSAL

On October 15, 2004, the plaintiff submitted his original complaint pursuant to 42 U.S.C. §1983. The plaintiff's handwritten, 38 page complaint against 36 defendants was undecipherable. The court had hoped to clarify the plaintiff's claims during a merit review hearing. However, the plaintiff stated that he had filed an amended complaint which the court had not yet received. The court asked the correctional center to fax the amended complaint to the court.

The amended complaint was 67 handwritten pages. The court still attempted to review the claims with the plaintiff, but had little success. The court found that both the original complaint and the amended complaint were a violation of Rule 8 of the Federal Rules of Civil Procedure. Fed.R.Civ. P. 8.

The plaintiff was given additional time to file another amended complaint and he was provided specific guidelines to follow. The plaintiff was advised he should only state what happened to him, when it happened and who was involved. The plaintiff was also admonished that he should state his claims in three pages or less and should use legible print. Lastly, the plaintiff was advised that his failure to follow the court's direction could result in the dismissal of his lawsuit.

The plaintiff responded by filing a "Motion to File an Extra-large Amended Complaint" and appealed the court's decision to the United States Appellate Court for the Seventh Circuit. The plaintiff's appeal was dismissed, and the court again reminded the plaintiff that he must follow the court's instruction and file an amended complaint. The plaintiff was advised that "the purpose of a complaint is to put the defendants on notice of the claims against them. The plaintiff does not need to present evidence in support of those claims or legal theories. The plaintiff needs to simply state the facts supporting the claims." April 8, 2005 Text Order.

The plaintiff provided a response to the court order which again objected to filing a smaller complaint. The plaintiff made reference to an amended, 12 page complaint, but no amended complaint was attached. The court directed the plaintiff to provide this 12 page complaint to the court. The text order was returned as undeliverable. The plaintiff no longer resided at Pinckneyville Correctional Center and failed to provide the court with a new address.

In the meantime, the court did receive the plaintiff's 12 page complaint. The complaint had apparently been mailed to the wrong clerk's office in Urbana, Illinois instead of Peoria, Illinois. The court noted that its last court ordered had been returned as undelivered. The plaintiff was admonished that the litigation could not proceed without his new address and he must provide this information or his case would be dismissed. *See* September 25, 2006 Court Order. The plaintiff

was given additional time to provide his latest address to the court. Instead, the court order was again returned to the clerk of the court as undeliverable.

The court has had no contact with the plaintiff for several months. The plaintiff has apparently lost interest in pursing this litigation.

**IT IS THEREFORE ORDERED that:**

**1) The clerk is directed to dismiss this case in its entirety without prejudice for failure to prosecute with due diligence.** See **Fed. R.Civ. P. 41(b).**

**2) The plaintiff is still responsible for ensuring the $150.00 filing fee is paid to the clerk of the court. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

ENTERED this 19th day of October, 2006..

                                            s\Harold A. Baker
                                    _____
                                          HAROLD A. BAKER
                                UNITED STATES DISTRICT JUDGE